The opinion of the court was delivered by

Mr. Justice Mott.

This method of proceeding to collect the fees of the officers of court is attempted to be supported bj the provisions of the act of 1791, 1 Brevard, 348, which is ih the following words, “ That at whatever stage any suit may cease dr determine, the attorneys, clerks and sheriffs, shall have their fees, taxed, and on non-payment thereof executions may be issued against the party from whom they are due and be lodged -tflth the sheriffs of the respective districts, and returnable at the per ■ *329 ensuing return day, and the sheriff for his trouble in collectin g such fees shall be allowed a commission of two and one-half per centum, to be paid by such defaulter. And no person shall be compelled to pay any of the aforesaid fees, unless at the time of the demand or before distress of goods is made, an account thereof shall be delivered, signed by the officer to whom the same is due, specifying distinctly every article in words at length, with tbe particular fee charged for it, and shall give a receipt for the same if required.”
“ That the several clerks and registers of the courts of justice and sheriffs throughout the state, shall collect in and receive their own fees from the different suitors or persons who are liable to pay the same in the said courts of justice respectively, except where the plaintiffs or complainants in any suit' shall reside in foreign countries or without the limits of this state, in which case the agents or attorneys of the said plaintiffs or complainants shall be answerable for the payment of said fees, except the clerks of county courts, whose fees shall be collected as heretofore.”
1st. I think that the object of the act was to give to the officers of court a cheap and summary remedy for the collection of their costs. It authorises them to have them -taxed and tó issue executions, at whatever stage the suit may be settled or determined, against the party liable to pay the same. It could not be intended that a judgment should be first entered up, because the execution is not required to be issued in the name of the party to the suit, nor for his benefit, but for the fees of the several officers w'ho have been employed; and the costs of a judgment would frequently be more than all the other cost due; indeed in some instances, three times the amount.
It has been contended that an act authorising an execution to issue in this way would be unconstitutional. But I cannot perceive any ground on which such a position can be supported. A judgment is only one link in the chain of proceedings, and surely the legislature may dispense with it if they think proper. In our proceedings by way of summary process, neither declaration nor judgment are required. I think no doubt can *330 be reasonably entertained, of the constitutionality of the measure. The act does not indeed mention in whose name the execution shall be issued: But whether the clerk issue it in his own name or in the name of the party -to the suit, cannot in my view affect the question. I am of opinion therefore that the .Clerk is authorised by the act to issue an execution, at whatever Stage of the proceedings the cause may have terminated, for the fees then due, without any judgment having been entered up. Without such construction, the act would be a dead letter. For previous to the passing that act, if the plaintiff became non-suited or discontinued or let fall his action in any mnnner, he became liable for costs, and judgment might have been entered Op against him for them.
2nd. But I am also further of opinion that the clerk was not authorised to issue an execution, until he had presented the party by whom they were due with a bill, specifying the items, and demanded the payment of it. It was not the intention of the act to make the clerk the sole judge of the amount of fees due, but to afford the party an opportunity of discharging the debt without execution. I am of opinion therefore, that on this ground, the decision of the court below ought to be supported.
3rd. It is not necessary to the decision of these cases, that any opinion should be given on the other ground. I feel no reluctance however, at expressing my own. The right to issue an execution in such case is derived alone from the act of the legislature. The act does not change the nature of the demand; it only furnishes a new method of enforcing the payment of it. If therefore the claim be barred, the remedy is lost. I am of opinion therefore, that an execution could not be issued after 'the lapse of four years from the termination of the suit.
4th. The question respecting costs on these executions, is not more difficult. The right to issue an execution in this summary way, is a privilege allowed to the officers of court, and if (they-will have the benefit of it, it must be without costs. One object of the provision was to save expense.' The clerk therefore is not entitled to a fee for issuing the execution. He is un-<2cr no necessity to employ an attorney. The act allows the *331 sheriff 2 1-2 per centum for his trouble in collecting such feeSj and those are the only costs allowed.
Cross and Gray, for motion.---Clark, contra.
Some question has arisen with regard to the form of the execution, and in whose name it shall be issued. The act is, silent upon the subject, but I presume it may be in the name of the person to whom the costs are due, as the 29th sec. of the a*ct provides' “ that the several clerks and registers of the courts of justice and the sheriffs throughout the state, shall collect in and receive their own fees from the different suitors or persons liable to pay the same, &tc.” From this provision it would appear that the fees are given to the respective officers of the courts and not to. the party, and that they are authorized t& collect them in their own names. I therefore concur in opinion with the presiding judge, and think that upon the three last grounds the executions were irregular .and ought to be set aside..
. The second class of cases is, where the plaintiff has recov-r cred judgment against the defendant. In those cases, I am of opinion that the officers of court can in no event have an execution against the plaintiff. The words of the law are, “ at' whatever stage any suit may close or determine, the attorneys, clerks and sheriffs shall have their fees taxed, and on non-payment thereof, execution may be issued against the party from whom they are due, &c.” That must mean the party who becomes legally liable by the determination of the suit. The costs in such cases are taxed in the judgment with the debt or damages and collected with them. The plaintiff is nevertheless liable for the costs which he has created, but he is liable on his contract only and is not subject to an execution. It is a sufficient privilege granted to the officers of court, that they are already allowed the double remedy of an execution against one party and an action against the other, without allowing them an. execution against both. I am, therefore, of opinion that the decision of the court below was correct in these cases also, and that the motion in both instances ought to be refused.
Bay and Richardson, Justices concurred.
Gantt, dissented.